TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:    (202) 305-3022
Fax:        (202) 305-0506

COLE FINEGAN
United States Attorney

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SAN LUIS VALLEY ECOSYSTEMS COUNCIL, SAN JUAN CITIZENS ALLIANCE, and WILDEARTH GUARDIANS,<br><br>    Petitioners,<br><br>    v.<br><br>DAN DALLAS, in his official capacity as Forest Supervisor for the Rio Grande National Forest; and UNITED STATES FOREST SERVICE, a federal agency of the United States Department of Agriculture,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:21-cv-02994

RESPONSE TO PETITIONERS' NOVEMBER 8, 2021 "PETITION FOR REVIEW SEEKING DECLARATORY AND INJUNCTIVE RELIEF"

Respondents hereby respond to Petitioners' November 8, 2021 "Petition for

Review Seeking Declaratory and Injunctive Relief," ECF No. 1 (hereinafter "Petition"),

as follows:

1.      The Petition alleges that Dan Dallas, in his official capacity as Forest
Supervisor of the Rio Grande National Forest, and the United States Forest Service
have violated various statutes and regulations relating to the Rio Grande National
Forest Land Management Plan.  ECF No. 1 ¶ 1.  Specifically, Petitioners allege
Respondents violated provisions of the National Forest Management Act ("NFMA"),
16 U.S.C. §§ 1600-1614; Forest Service Regulations, 36 C.F.R. Part 219 (2012 forest
planning rules) and 36 C.F.R. Part 212 (Travel Management Rule); the National
Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m; the Administrative
Procedure Act ("APA"), 5 U.S.C. § 551; and any implementing regulations for these
statutes.  *Id.* ¶¶ 1, 138-212.

2.      The Tenth Circuit has held that claims challenging federal agency
compliance with NFMA, Forest Service regulations, and NEPA are to be reviewed in
accordance with the judicial review provisions of the APA, 5 U.S.C. §§ 701-706.  *See,
e.g.*, *Citizens' Comm. to Save Our Canyons v. Krueger*, 513 F.3d 1169, 1176 (10th Cir.
2008) (the APA "governs judicial review of agency actions…."); *Utah Envtl. Congress v.
Bosworth*, 443 F.3d 732, 739 (10th Cir. 2006) ("Because neither NEPA nor NFMA
provide a private right of action, this court reviews the Forest Service's approval of [a
project] as a final agency action under the APA.").

3.      Petitioners allege that they bring their claims under the APA, 5 U.S.C.
§§ 704-706.  ECF No. 1, ¶ 5.  The District of Colorado has adopted AP Rules that
"apply to pre-merits management and briefing in…a case commenced or reviewed

under 5 U.S.C. § 706 concerning an action or final decision of an administrative agency…."  D.C.Colo.LAPR 1.1(c).   The AP Rules require the petition to "include factual allegations relating to the grounds on which the agency action is being challenged and the legal basis for plaintiff/petitioner's entitlement to relief."  *Id.* 10.2(c).

4.      In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court.  In addition to its *nisi prius* functions, it must sometimes act as an appellate court.  Reviews of agency action in the district courts must be processed *as appeals*.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d at 1580 (emphasis in original).  *See also Nat'l Ski Areas Ass'n, Inc. v. U.S. Forest Serv.*, 910 F. Supp.2d 1269, 1279 (D. Colo. 2012); *Colorado Wild v. Vilsack*, 713 F. Supp.2d 1235, 1237 (D. Colo. 2010) ("I review the administrative agency's decision as an appellate body.  As a result, I apply the Federal Rules of Appellate Procedure and, generally, limit my review to the evidence relied upon by the Respondents in reaching the challenged decision.") (citing *Olenhouse*, 42 F.3d at 1580).

5.      In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice."  42 F.3d at 1579 (emphasis added); *see also Wilderness Soc'y v. Wisely*, 524 F. Supp.2d 1285, 1297 (D. Colo. 2007) ("The arbitrary and capricious analysis also requires the Court to

conduct a plenary review of the administrative record to see whether there are facts which support the agency's decision." (citing *Olenhouse*, 42 F.3d at 1575-76)).

6.      The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is not a proper vehicle for initiating claims challenging a federal agency action in federal district court.  Therefore, Petitioners properly initiated this action with the Petition, which is not the functional equivalent of a "Complaint." Consequently, no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable at this stage of the litigation.  The Tenth Circuit has recognized that the procedure mandated by *Olenhouse* is the correct procedure for claims challenging agency actions.  *See, e.g.*, *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.") (citing *Olenhouse*, 42 F.3d at 1579-80).

7.      Respondents deny all violations of federal law alleged in the Petition's First Claim for Relief that Respondents violated NFMA and its implementing regulations. ECF No. 1 at ¶¶ 1, 138-178.

8.      Respondents deny all violations of federal law alleged in the Petition's Second Claim for Relief that Respondents violated the Travel Management Rule.  *Id.* at ¶ 1, 179-185.

9.      Respondents deny all violations of federal law alleged in the Petition's Third Claim for Relief that Respondents violated NEPA and its implementing

regulations.  *Id.* at ¶¶ 1, 186-212.

10.     Respondents further allege that this Court lacks jurisdiction over some or all of Petitioners' claims due to the statute of limitations and waiver.

11.     In accordance with *Olenhouse* and the District of Colorado's AP Rules, this matter should proceed with production of the Administrative Record and briefing on the merits of Petitioners' appeal from the challenged agency actions for any claims remaining after any motions to dismiss are resolved.  D.C.Colo.LAPR 16.1(a) ("In all AP cases, except social security appeals and bankruptcy appeals, the parties will be directed to file a Joint Case Management Plan.").


Respectfully submitted on this 11th day of January, 2022.


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/   John P. Tustin*
JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:    (202) 305-3022
Fax:        (202) 305-0506

COLE FINEGAN
United States Attorney

*Attorneys for Defendants*