IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SAN LUIS VALLEY ECOSYSTEMS COUNCIL, SAN JUAN CITIZENS ALLIANCE, WILDEARTH GUARDIANS, and ROCKY MOUNTAIN WILD,<br><br>Petitioners,<br><br>v.<br><br>DAN DALLAS, in his official capacity as Forest Supervisor for the Rio Grande National Forest; and UNITED STATES FOREST SERVICE, a federal agency of the United States Department of Agriculture,<br><br>Federal Respondents,<br><br>and<br><br>TRAILS PRESERVATION ALLIANCE; BACKCOUNTRY DISCOVERY ROUTES; COLORADO SNOWMOBILE ASSOCIATION; and THE COLORADO 500,<br><br>Applicants in Intervention. | Case No. 1:21-cv-02994-REB<br><br>**[PROPOSED] ORDER GRANTING UNOPPOSED MOTION TO INTERVENE BY TRAILS PRESERVATION ALLIANCE; BACKCOUNTRY DISCOVERY ROUTES; COLORADO SNOWMOBILE ASSOCIATION; AND THE COLORADO 500** |

## **[PROPOSED] ORDER**

This Matter comes before the Court on Applicants in Interventions' Unopposed Motion to Intervene (ECF No. 16).

Federal Respondents do not oppose the intervention, subject to certain conditions governing Applicants in Interventions' participation; Applicants in Intervention consent to these conditions, should they be permitted to intervene.

1

Petitioners likewise do not oppose the intervention, subject to certain conditions governing Applicants in Interventions' participation; Applicants in Intervention consent to these conditions as well, should they be permitted to intervene.

The Court "must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A motion to intervene as of right should be granted if (1) it is timely; (2) proposed intervenors demonstrate an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties. *Kane Cnty., Utah v. United States*, 928 F.3d 877, 890 (10th Cir. 2019).

The Court finds that Applicants in Intervention have made the requisite showing that they are entitled to intervention as of right under Fed. R. Civ. P. 24(a)(2). The Court also finds that the conditions to which the parties have agreed to subject their intervention are reasonable.

Accordingly, the Court having reviewed the motion and being fully advised, IT IS ORDERED that the motion to intervene as of right (Doc. 16) of the Trails Preservation Alliance, Colorado Snowmobile Association, The Colorado 500, and Backcountry Discovery Routes ("Intervenors") is GRANTED, subject to the following conditions:

1. Intervenors agree to abide by the terms and timeline of the existing parties' proposed case management order. Intervenors will file their

    responsive brief one week after Federal Respondents' responsive brief is due.

2.  Intervenors agree not to file any independent claims in this action against the parties.

3.  Intervenors agree not to seek discovery.

4.  Each party agrees to bear its own costs and fees related to the Intervenors' participation in this matter.

5.  Intervenors' responsive brief will be limited to 8,000 words.

6.  Intervenors shall only brief issues that might impact their own interests.

7.  Intervenors shall not rely on materials outside the administrative record in their merits briefings (except for the limited purposes of relief or other arguments that may not be bound by the APA's record review rule).

DATED: _____, 2022

                _____
                United States District Judge