IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| SAN LUIS VALLEY ECOSYSTEMS COUNCIL, SAN JUAN CITIZENS ALLIANCE, WILDEARTH GUARDIANS, and ROCKY MOUNTAIN WILD,<br><br>Petitioners,<br><br>v.<br><br>DAN DALLAS, in his official capacity as Forest Supervisor for the Rio Grande National Forest; and UNITED STATES FOREST SERVICE, a federal agency of the United States Department of Agriculture,<br><br>Federal Respondents,<br><br>and<br><br>TRAILS PRESERVATION ALLIANCE; BACKCOUNTRY DISCOVERY ROUTES; COLORADO SNOWMOBILE ASSOCIATION; and THE COLORADO 500,<br><br>Applicants in Intervention. | Case No. 1:21-cv-02994-REB<br><br>**PROPOSED RESPONSE TO PETITIONERS' FIRST AMENDED PETITION FOR REVIEW BY APPLICANTS IN INTERVENTION TRAILS PRESERVATION ALLIANCE; BACKCOUNTRY DISCOVERY ROUTES; COLORADO SNOWMOBILE ASSOCIATION; AND THE COLORADO 500** |

Intervenor-Respondents hereby respond to Petitioners' March 4, 2022 "First Amended Petition for Review Seeking Declaratory and Injunctive Relief," ECF No. 14 (hereinafter "Petition"), as follows:

1. The Petition alleges that Dan Dallas, in his official capacity as Forest Supervisor of the Rio Grande National Forest, and the United States Forest Service (together, "Federal Respondents"), have violated various statutes and regulations relating

1

to the Rio Grande National Forest Land Management Plan. Petition at ¶ 1. Specifically, Petitioners allege Federal Respondents violated provisions of the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600-1614; Forest Service Regulations, 36 C.F.R. Part 219 (2012 forest planning rules) and 36 C.F.R. Part 212 (Travel Management Rule; the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m; the Administrative Procedure Act ("APA"), 5 U.S.C. § 551; and any implementing regulations for these statutes. Petition at ¶¶ 1, 5.

2. The Tenth Circuit holds that claims challenging federal agency compliance with these statutes and regulations are to be reviewed in accordance with the judicial review provisions of the APA, 5 U.S.C. §§ 701-706. *See, e.g., Citizens' Comm. To Save Our Canyons v. Krueger*, 513 F.3d 1169, 1176 (10th Cir. 2008) (the APA "governs judicial review of agency actions…."); *Utah Envtl. Congress v. Bosworth*, 443 F.3d 732, 739 (10th Cir. 2006) ("Because neither NEPA nor NFMA provide a private right of action, this court reviews the Forest Service's approval of [a project] as a final agency action under the APA.").

3. Petitioners allege that they bring their claims under the APA, 5 U.S.C. §§ 704-706. ECF No. 1, ¶ 5. The District of Colorado has adopted AP Rules that "apply to pre-merits management and briefing in . . . a case commenced or reviewed under 5 U.S.C. § 706 concerning an action or final decision of an administrative agency…." D.C.Colo.LAPR 1.1(c). The AP Rules require the petition to "include factual allegations relating to the grounds on which the agency action is being challenged and the legal basis for plaintiff/petitioner's entitlement to relief." *Id.* 10.2(c).

4. In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d at 1580 (emphasis in original).

5. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice." 42 F.3d at 1579; *see also Wilderness Soc'y v. Wisely*, 524 F. Supp.2d 1285, 1297 (D. Colo. 2007) ("The arbitrary and capricious analysis also requires the Court to conduct a plenary review of the administrative record to see whether there are facts which support the agency's decision." (citing *Olenhouse*, 42 F.3d at 1575-76)).

6. The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is not a proper vehicle for initiating claims challenging a federal agency action in federal district court. Therefore, Petitioners properly initiated this action with the Petition, which is not the functional equivalent of a "Complaint." Consequently, no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable at this stage of the litigation. The Tenth Circuit has recognized that the procedure mandated by *Olenhouse* is the correct procedure for claims challenging agency actions. See, e.g., *Forest Guardians v. U.S. Fish & Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a

complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.") (citing *Olenhouse*, 42 F.3d at 1579-80).

7. Intervenor-Respondents deny all violations of federal law alleged in the Petition's First Claim for Relief that Federal Respondents violated NFMA and its implementing regulations. ECF No. 14 at ¶¶ 1, 139-179.

8. Intervenor-Respondents deny all violations of federal law alleged in the Petition's Second Claim for Relief that Federal Respondents violated the Travel Management Rule. Id. at ¶¶ 1, 180-186.

9. Intervenor-Respondents deny all violations of federal law alleged in the Petition's Third Claim for Relief that Federal Respondents violated NEPA and its implementing regulations. *Id.* at ¶¶ 1, 187-213.

10. Intervenor Respondents further allege that this Court lacks jurisdiction over some or all of Petitions' claims due to the statute of limitations and waiver.

11. In accordance with *Olenhouse* and the District of Colorado's AP Rules, this matter should proceed with production of the Administrative Record and briefing on the merits of Petitioners' appeal from the challenged agency actions for any claims remaining after any motions to dismiss are resolved.

DATED: May 12, 2022            Respectfully submitted by:

/s/ *Joseph A. Bingham*_____
Joseph A. Bingham
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
Telephone: (919) 649-7403
Email: jbingham@mslegal.org

Attorney for Applicants-in-Intervention

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause a notification to be sent to the following counsel of record:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN, Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611

COLE FINEGAN
United States Attorney

Attorneys for Defendants

John R. Mellgren
Western Environmental Law Center
120 Shelton McMurphey Blvd., Ste. 340
Eugene, Oregon 97401

Kelly E. Nokes
Western Environmental Law Center
P.O. Box 218
Buena Vista, CO 81211

Susan Jane M. Brown
Western Environmental Law Center
4107 NE Couch St.
Portland, OR 97232

Attorneys for Petitioners

/s/ Joseph A. Bingham_____
Joseph A. Bingham