IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 21-cv-02994-REB

SAN LUIS VALLEY ECOSYSTEM COUNCIL, SAN JUAN CITIZENS ALLIANCE,
THE WILDERNESS SOCIETY, WILDEARTH GUARDIANS, and ROCKY MOUNTAIN WILD,

    Petitioners,

vs.

DAN DALLAS, in his official capacity as Forest Supervisor for the Rio Grande National Forest; and UNITED STATES FOREST SERVICE, a federal agency of the United States Department of Agriculture,

    Federal Respondents,

and

TRAILS PRESERVATION ALLIANCE,
BACKCOUNTRY DISCOVERY ROUTES,
COLORADO SNOWMOBILE ASSOCIATION, and
THE COLORADO 500,

    Intervenor-Defendants.

## ORDER GRANTING MOTION TO INTERVENE

**Blackburn, J.**

This matter is before me on the **Unopposed Motion to Intervene by Trails Preservation Alliance; Backcountry Discovery Routes; Colorado Snowmobile Association; and the Colorado 500** [#17][1] filed May 12, 2022. The motion is unopposed. I grant the motion.

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 24(a)(2), a person may intervene of right if certain requisites are shown.  "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P.  24(a)(2).  To intervene of right, a proposed intervenor must show: (1) the application to intervene is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the case; (3) the action may, as a practical matter, impair or impede that interest; and (4) no party to the action can be an adequate representative of the interest of the applicant.  ***Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior***, 100 F.3d 837, 840 (10th Cir. 1996).  Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as of right. ***Commodity Futures Trading Com'n v. Heritage Capital Advisory Services, Ltd.***, 736 F.2d 384, 386 (7th Cir. 1984); ***National Ass'n for Advancement of Colored People v. New York***, 413 U.S. 345, 369 (1973).  In the alternative, permissive intervention is permitted when a person "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

On the second and third factors, the United States Court of Appeals for the Tenth Circuit follows a somewhat liberal line of cases in allowing intervention of right.  ***Utah Association of Counties v. Clinton***, 255 F.3d 1246, 1249 (10th Cir. 2001).  A proposed intervenor "must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal."  ***Id***. at 1253 (internal citation and quotation

marks omitted).  An applicant for intervention must show inadequate representation of its interests by other parties.  *Id.* at 1254.  That burden also is minimal, requiring a showing that representation may be inadequate.  *Id*.  "(A) prospective intervenor need make only a minimal showing to establish that its interests are not adequately represented by existing parties."  ***San Juan County, Utah v. United States***, 503 F.3d 1163, 1203 (10th Cir. 2007) (en banc), ***abrogated in part on other grounds by Hollingsworth v. Perry***, 570 U.S. 693 (2013).[2]

## II.  BACKGROUND

This case concerns the effort of the petitioners to set aside the revised Rio Grande National Forest Plan (Forest Plan or Revised Plan) and Final Environmental Impact Statement (EIS). Petitioners object in particular to the United States Forest Service's (USFS or Forest Service) alleged failure to distinguish adequately between sustainable summer recreation and sustainable winter recreation in the course of addressing sustainable recreation generally, with a focus on motorized recreation.  The petitioners allege that the USFS acted arbitrarily and capriciously and failed to comply with the National Forest Management Act (NFMA) and its implementing regulations when it approved the Forest Plan by: failing to include in the Forest Plan components specific to the Uncompahgre fritillary butterfly, failing to include adequate components specific to the Canada Lynx, failing to include plan components specific to winter sustainable recreation, and inadequately restricting over-snow motorized vehicle use in violation of the Travel Management Rule.  The petitioners allege that USFS acted arbitrarily and capriciously and

---

[2] ***Hollingsworth*** held that a prerequisite to intervention to defend one's interest is assertion of "an inuury in fact of his own."  570 U.S. at 708.  Thus, ***Hollingsworth*** abrogates the principle of ***San Juan County, Utah***  that "parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing so long as another party with constitutional standing on the same side as the intervenor remains in the case,"  503 F.3d at 1172.

violated the National Environmental Policy Act (NEPA) and its implementing regulations by failing to take a hard look at the effects of the Forest Plan in various areas and by failing to analyze a reasonable range of alternatives such as the proposed Special Interest Areas suggested by the Petitioners.

    The petitioners ask that the USFS be required to revisit its consideration of specific plan components relating to, for example, butterflies and lynx.  They seek to have all relevant and appropriate portions of the Forest Plan, the Record of Decision, and the EIS set aside.  Even more broadly, they ask that USFS and its agents be wholly enjoined from implementing projects and land management activities authorized by the Rio Grande National Forest Land Management Plan until such time as the court is satisfied that all alleged legal deficiencies have been corrected.  They also raise the possibility of seeking additional unspecified preliminary or permanent injunctive relief.

    The proposed intervenors, Trails Preservation Alliance, Backcountry Discovery Routes, Colorado Snowmobile Association, and The Colorado 500, work closely with one another, with the Forest Service, and with other stakeholders to develop, fund, and maintain trail projects that make it possible for motorized recreational users to enjoy appropriately designated portions of Rio Grande National Forest.

    The proposed intervenors say their activities accord with the USFS's multiple-use mandate for National Forests.  The relief requested by the petitioners would, if granted, directly and indirectly interfere with use and enjoyment of the forest by the proposed intervenors, including by preventing and/or delaying development and implementation of new trail projects and maintenance and improvement of existing trail projects for motorized recreational users of all seasons.

### III.  ANALYSIS

Without question, the motion [#14] of the proposed intervenors is timely.  I analyze the other relevant factors below.

### A. Interest Relating To The Property or Transaction At Issue

The contours of the interest requirement have not been clearly defined in the Tenth Circuit.  ***Utah Ass'n of Counties v. Clinton***, 255 F.3d 1246, 1251 (10th Cir. 2001)*.*  Courts in the Tenth Circuit typically have considered whether the interest of the proposed intervenor is "direct, substantial, and legally protectable."  ***Coalitionof Ariz./N.M. Counties for Stable Economic Growth v. Dep't of Interior***, 100 F.3d 837,840, 842 (10th Cir. 1996).  "A protectable interest is one that would be impeded by the disposition of the action." ***Western Energy Alliance***, 877 F.3d at 1165.  While "[t]he threshold for finding the requisite legally protected interest is not high," "an intervenor must specify a particularized interest" in the litigation and may not "raise interests or issues that fall outside of the issues raised" by the parties.  ***Am. Ass'n of People with Disabilities***, 257 F.R.D. 236, 246 (D. N.M. 2008).  "(A)n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right."  ***Public Serv. Co. of New Hampshire v. Patch***, 136 F.3d 197, 205 (1st Cir. 1998).

In this case, if the relief requested by the petitioners is granted, then the Revised Plan will be set aside and all land management activities authorized under the Revised Plan will be enjoined pending the court's satisfaction that the petitioners' grievances are resolved.  This relief likely would preclude development of new motorized recreational projects.  In addition, it likely would limit maintenance of existing projects, placing them at risk of disrepair and abandonment.  The proposed intervenors have a history of advocating for protection of forest lands dedicated to motorized recreation.  As a result, the proposed

intervenors have an interest relating to the public land which is the subject of this litigation.

### B. Impairment of Interest

Rule 24(a)(2) also requires proposed intervenors to demonstrate that the disposition of the action may, as a practical matter, impair or impede their ability to protect their interest. "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009) (citation and internal quotation omitted). "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Id*. (citation and internal quotation omitted). The burden to establish this element is minimal and only requires a showing "that impairment of [a] substantial legal interest is possible if intervention is denied." *Id*. (citation and internal quotation omitted). An interest of a third party may be impaired when the resolution of the legal questions in the case might effectively foreclose the rights of the intervenor in later proceedings, whether through *res judicata*, collateral estoppel, or *stare decisis*. *Federal Deposit Ins. Corp. v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987).

In this case, the relief requested by the plaintiffs could adversely affect the interests of the proposed intervenors. As noted previously, the proposed intervenors have a history of advocating for protection of forest lands dedicated to motorized recreation. As summarized above, those interests may be impaired if the relief sought by the petitioners is granted.

### C. Adequacy of Representation

The remaining requisite for intervention is that the interests of the proposed intervenors are not adequately represented by the defendants.  The burden to satisfy this condition is "minimal."  ***Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior***, 100 F.3d 837, 844 (10th Cir. 1996).  The possibility of divergence of interest need not be great in order to satisfy this burden.  *Id*.  An intervenor need only show the possibility of inadequate representation.  ***Utah Ass'n of Counties v. Clinton***, 255 F.3d 1246, 1254 (10th Cir. 2001).

Each of the named defendants is either an official of the United States government or an agency of the US government.  On its face, it is impossible for a government agency to carry the task of protecting the private interests of a prospective intervenor. ***WildEarth Guardians v. National Park Service***, 604 F.3d 1192, 1200 (10th Cir. 2010).  Similarly, the interests of the proposed intervenors are likely to be divergent from the interests of the defendants.  The defendants have not contended that they adequately can represent the interests of the proposed intervenors.  In these circumstances, there is an undeniable divergence of interest when considering and comparing the interests of the named defendants and the proposed intervenors.

### D.  Conditions of Intervention

The parties and the proposed intervenors have agreed that certain conditions shall apply to the proposed intervenors once they are permitted to intervene.  I approve those conditions.  Those conditions are:

1. The intervenors agree to abide by the terms and timeline of the existing parties' proposed case management order. The intervenors will file their responsive brief one week after Federal Respondents' responsive brief is due.

2. The intervenors agree not to file any independent claims in this action against the

parties.

3. The intervenors agree not to seek discovery.

4. Each party agrees to bear its own costs and fees related to the intervenors' participation in this matter.

5. The intervenors' responsive brief will be limited to 8,000 words.

6. The intervenors shall only brief issues that might impact their own interests.

7. The intervenors shall not rely on materials outside the administrative record in their merits briefings (except for the limited purposes of relief or other arguments that may not be bound by the APA's record review rule).

## E.  Conclusion

The proposed intervenors have shown all of the requisites for intervention as of right under Fed. R. Civ. P. 24(a)(2).  Thus, their motion to intervene should be granted.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That under Fed. R. Civ. P. 24(a)(2), the **Unopposed Motion to Intervene by Trails Preservation Alliance; Backcountry Discovery Routes; Colorado Snowmobile Association; and the Colorado 500** [#17] is granted;

2.  That under Fed. R. Civ. P. 24(a)(2), Trails Preservation Alliance, Backcountry Discovery Routes, Colorado Snowmobile Association, and The Colorado 500 are permitted to intervene as defendants;

3.  That the caption of this case shall be amended to include and identify each of the intervenors as intervenor-defendants, as shown in the caption of this order;

4.  That the intervenors shall comply with the seven (7) conditions to their

intervention as enumerated in this order; and

     5.  That the clerk shall file the response [#17-6] of the intervenors as a separate docket entry and the response [#17-6] shall be considered to be timely filed;

     6.  That in when filing the response of the intervenors as a separate docket entry, the clerk shall strike the word "PROPOSED" in the caption of the response.

Dated June 10, 2022, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge